**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| *In re KeyBank Consumer Data Security Breach Litigation* | MDL No. 3056 |

**PLAINTIFF MARK SAMSEL'S RESPONSE
TO MOTION FOR TRANSFER AND CENTRALIZATION
WITH ALTERNATIVE VENUE REQUESTED**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii
STATEMENT ....................................................................................................................... 1
ARGUMENT ........................................................................................................................ 2
    The Panel should transfer all cases to the Northern District of Georgia. ............. 2
        A.    Overby-Seawell, a Georgia corporation, is at the center of this litigation. ..................................................................................................... 2
        B.    The Northern District of Georgia is administratively ideal and convenient for all parties. .................................................................... 3
CONCLUSION .................................................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Equifax, Inc., Customer Data Sec. Breach Litig.*,
  289 F. Supp. 3d 1322 (J.P.M.L. 2017) .................................................................... 4

*In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*,
  559 F. Supp. 2d 1405 (J.P.M.L. 2008) .................................................................... 3

*In re Home Depot, Inc.*,
  65 F. Supp. 3d 1398 (J.P.M.L. 2014) ...................................................................... 4

*In re Med. Informatics Eng'g*,
  148 F. Supp. 3d 1381 (J.P.M.L. 2015) ................................................................ 2, 3

*In re Packaged Ice Antitrust Litig.*,
  560 F. Supp. 2d 1359 (J.P.M.L. 2008) .................................................................... 4

*In re Wells Fargo Auto Ins. Mktg. & Sales Practices Litig.*,
  273 F. Supp. 3d 1383 (J.P.M.L. 2017) .................................................................... 3

*In re Valsartan Prods. Liab. Litig.*,
  433 F. Supp. 3d 1349 (J.P.M.L. 2019) .................................................................... 2

**Statute**

28 U.S.C. § 1407(a) ........................................................................................................ 1

**Other Authorities**

*About ATL*, HARTSFIELD-JACKSON ATLANTA INT'L AIRPORT
  (accessed Nov. 7, 2022), https://bit.ly/2Nr3o5k ...................................................... 4

J.P.M.L., *Distribution of Pending MDL Dockets by District*
  (Oct. 14, 2022), https://bit.ly/3hm9Iy8 ................................................................... 3

MANUAL FOR COMPLEX LITIGATION, FOURTH
  § 20.132 (2004) ....................................................................................................... 3

**STATEMENT**

Defendant Overby-Seawell Co.—a Georgia company—provides property insurance validation for banks and lenders. Numerous financial entities entrusted their customers' personally identifying information (PII) to Overby-Seawell, including KeyBank, N.A., Fulton Bank, N.A., and Renasant Bank. In August 2022, Overby-Seawell suffered the data breach giving rise to this litigation.

At least ten cases have been filed so far, and all of them name Overby-Seawell Co. as a defendant. Five are currently pending before Judge Steven D. Grimberg in the Northern District of Georgia.[1] Three are pending in the Northern District of Ohio.[2] And two were filed in the Western District of Pennsylvania.[3] Some of those cases name Fulton Bank as a defendant, and others name KeyBank, but Overby-Seawell is a common defendant to all cases.

This MDL is currently captioned *In re KeyBank Consumer Data Security Breach Litigation*, but that is a misnomer. If this case were a wheel, Overby-Seawell would be the hub, and the various financial institutions, such as KeyBank and Fulton Bank, would be the spokes. While the financial institutions are no doubt important parts of this case, Overby-Seawell is at the center of it all.

---

[1] *Samsel v. Overby-Seawell Co.*, No. 1:22-cv-3593 (N.D. Ga.) (Overby-Seawell and KeyBank named as defendants); *Marlowe v. Overby-Seawell Co.*, 1:22-cv-3648 (N.D. Ga.) (same); *Archer v. Overby-Seawell Co.*, No. 1:22-cv-3780 (N.D. Ga.) (same); *West v. Overby-Seawell Co.*, 1:22-cv-3858 (N.D. Ga.) (same); *Sheckard v. Overby-Seawell Co.*, 1:22-cv-3708 (N.D. Ga.) (Overby-Seawell and Fulton Bank).

[2] *Bozin v. KeyBank, N.A.*, No, 1:22-cv-1536 (N.D. Ohio) (Overby-Seawell and KeyBank named as defendants); *Urciuoli v. KeyBank, N.A.* (N.D. Ohio) (same); *Brouty v. KeyBank, N.A.*, No. 1:22-cv-1885 (N.D. Ohio) (same).

[3] *Martin v. KeyBank, N.A.*, No. 2:22-cv-1346 (W.D. Pa.) (Overby-Seawell and KeyBank named as defendants); *Pittman v. KeyBank, N.A.*, No. 2:22-cv-1513 (W.D. Pa.) (same).

Plaintiff Mark Samsel supports consolidation under 28 U.S.C. § 1407(a), but he submits that these cases should be transferred to the Northern District of Georgia, which is where the majority of cases are pending, where Overby-Seawell is headquartered, and where the greatest concentration of witnesses, documents, and document custodians is likely to be found. Samsel further submits that the Panel should rename this MDL "*In re Overby-Seawell Co. Consumer Data Breach Litigation.*" *See In re Valsartan Prods. Liab. Litig.*, 433 F. Supp. 3d 1349, 1352 (J.P.M.L. 2019) (renaming MDL to clarify its scope).

## ARGUMENT

### I. The Panel should transfer all cases to the Northern District of Georgia.

The Northern District of Georgia is the ideal venue for these cases. First, Defendant Overby-Seawell is the lynchpin of this case and the only defendant common to all cases. Therefore, this case should be transferred to the Northern District of Georgia, the district in which Overby-Seawell is headquartered, as relevant documents and witnesses will likely be found there. Second, the Northern District of Georgia is administratively ideal. Its docket is not overloaded with MDLs, and its bench has extensive experience with data breach MDLs. Moreover, Atlanta is easily accessible and convenient for all parties. Therefore, the Panel should transfer these cases to the Northern District of Georgia.

#### A. Overby-Seawell, a Georgia corporation, is at the center of this litigation.

Data breach cases should be transferred to the district with the headquarters of the defendant who was actually hacked. In *Medical Informatics*, for example, ]the defendant—who stored medical records for various healthcare companies—suffered a data breach. *In re Med. Informatics Eng'g*, 148 F. Supp. 3d 1381, 1382 (J.P.M.L. 2015). The Panel transferred the MDL to the district in which that defendant was

headquartered, as that was "[t]he center of gravity of this litigation." *Id.* Although some of the healthcare providers who gave their patients' information to the defendant may have been headquartered elsewhere, the district of the providers' headquarters warranted no discussion, as *their* data security procedures were obviously not the focus of the case. Thus, the predominant defendant's principal place of business is the proper transferee district. *See In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 559 F. Supp. 2d 1405, 1406 (J.P.M.L. 2008) ("[Defendant] has its headquarters in that district, and thus relevant documents and witnesses may be found there."); *In re Wells Fargo Auto Ins. Mktg. & Sales Practices Litig.*, 273 F. Supp. 3d 1383, 1384 (J.P.M.L. 2017) ("[I]t is alleged that key entities and individuals with direct responsibility for the alleged conduct in this litigation are located in this district and, therefore, relevant documents and witnesses may be located there.").

Here, Overby-Seawell is the common thread that ties these cases together. Every financial institution who has been, or will be, named as a defendant in these cases entrusted class members' PII to Overby-Seawell. It stands to reason that Overby-Seawell's data security procedures will be the focal point of discovery. And the relevant documents (and their custodians) and witnesses will likely be located in the Northern District of Georgia, where Overby-Seawell is headquartered. Thus, the Northern District of Georgia is the best venue for these cases.

### B. The Northern District of Georgia is administratively ideal and convenient for all parties.

When choosing a transferee district, the Panel often takes into account the administrative burden of MDLs and the convenience of the parties. *See* MANUAL FOR COMPLEX LITIGATION, FOURTH § 20.132 (2004) (noting that the Panel considers factors such as "where the largest number of cases is pending, . . . where the cost and inconvenience will be minimized, and the experience, skill and caseloads of

3

available judges"). Those factors support transfer to the Northern District of Georgia.

Start with administrative considerations. Only three MDLs are currently pending in the Northern District of Georgia, so the court will not be overtaxed by this assignment. *See* J.P.M.L., *Distribution of Pending MDL Dockets by District* at 2 (Oct. 14, 2022), https://bit.ly/3hm9Iy8. In addition, the Northern District of Georgia's judges and clerk of court are very familiar with the demands of complex data breach litigation, as this district was assigned MDLs arising from two of the largest data breaches to be litigated in federal court. *See In re Equifax, Inc., Customer Data Sec. Breach Litig.*, 289 F. Supp. 3d 1322, 1326 (J.P.M.L. 2017) (transferring to N.D. Ga.); *In re Home Depot, Inc.*, 65 F. Supp. 3d 1398, 1400 (J.P.M.L. 2014) (same).

Finally, consider the convenience of the parties. Atlanta is a major metropolitan center that is easily accessible through air travel. *See About ATL*, HARTSFIELD-JACKSON ATLANTA INT'L AIRPORT (accessed Nov. 7, 2022), https://bit.ly/2Nr3o5k (noting that "Hartsfield-Jackson Atlanta International Airport is the … most efficient airport in the world" and offers "nonstop service to more than 150 domestic and 70 international destinations"). And the majority of cases were filed in the Northern District of Georgia, thus limiting the disruption caused by a transfer to the smallest number of parties. *See In re Packaged Ice Antitrust Litig.*, 560 F. Supp. 2d 1359, 1361 (J.P.M.L. 2008) ("More pending actions and potential tag-along actions have been filed in the Eastern District of Michigan than in any other district."). Therefore, the Northern District of Georgia is a convenient venue.

## CONCLUSION

Plaintiff Mark Samsel respectfully submits that the Panel should centralize these cases in the Northern District of Georgia.

5

Dated: November 8, 2022  Respectfully submitted,

By: /s/ *Matthew R. Wilson*

Matthew R. Wilson
MEYER WILSON CO., LPA
305 W. Nationwide Blvd.
Columbus, Ohio 43215
Email: mwilson@meyerwilson.com
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

*Counsel for Plaintiff Mark Samsel and the Proposed Class*